UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER TOEBE CONSTRUCTION
COMPANY and ACE STEEL ERECTION,
INC.,

    Plaintiffs,

                                                                                               Case No. 05-73605

-vs-                                                                Judge Avern Cohn

KARD WELDING, INC.,
d/b/a KARD BRIDGE PRODUCTS,

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

This is a contract case. On November 29, 2007, the Court entered an order denying Defendant Kard Welding, Inc.'s motion for summary judgment with respect to Plaintiff Walter Toebe Construction Company's claim for breach of contract and granting the motion with respect to Walter Toebe's other claims. Now before the Court is Walter Toebe's motion for reconsideration, in which it argues that the Court made two errors in its earlier decision. First, Walter Toebe says that although it was correct to deny summary judgment on the breach of contract claim, the Court should not have ruled that the choice of law clause in the Kard Group Standard Terms and Conditions was part of the contract. Second, Walter Toebe says that the Court erred in granting summary judgment for Kard on Walter Toebe's claim of fraud.

1

For the reasons discussed below, Walter Toebe's motion with respect to the breach of contract claim will be granted – the Kard Group Standard Terms and Conditions are not part of the contract. Walter Toebe's motion will be denied with respect to the claim of fraud.

## I. Legal Standard

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

## II. Terms of the Contract

The facts are laid out in the Court's November 29 opinion.

In its earlier decision, the Court held that the choice of law clause in the "Kard Group Standard Terms and Conditions of Sale," which Kard included with the executed purchase order it sent to Walter Toebe, was part of the contract between Kard and Walter Toebe pursuant to § 2-207 of the Michigan Uniform Commercial Code, MCL § 440.2207. That section provides in full:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
> (a) the offer expressly limits acceptance to the terms of the offer;
> (b) they materially alter it; or
> (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
>
> (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this act.

The Court treated Kard's executed purchase order as an acceptance of Walter Toebe's offer, such that the choice of law provision in Kard's form was an "additional term[]...to be construed as [a] proposal[] for addition." The Court then found that the choice of law provision was part of the contract pursuant to § 2-207(2).

This was error. The Court failed to take account of the fact that Kard's form stated that its acceptance was "expressly made conditional on Customer's [i.e., Walter Toebe's] assent to the terms and conditions contained in...these 'Kard Group Standard Terms and Conditions of Sale.'" This language clearly indicated that Kard was "unwilling to proceed unless assured of the offeror's assent to the additional or different terms." Challenge Machinery Co. v. Mattison Machine Works, 138 Mich. App. 15, 22 (1984); see also Ralph Schrader, Inc. v. Diamond Intern Corp., 833 F.2d 1210, 1214-15 (6th Cir. 1987). Because it was "expressly conditional," the executed purchase order did not operate as an acceptance of Walter Toebe's offer. Rather, an expressly

3

conditional "acceptance" operates as a traditional common law counteroffer. JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE § 1-3, p.39 (5th ed. 2000).

The question of whether a party "assented" to additional or different terms is ordinarily to be decided by the trier of fact. Ralph Schrader, 833 F.2d at 1215. The record does not disclose any express assent to Kard's terms on the part of Walter Toebe, and the course of negotiations between the parties is sufficiently complex that summary judgment on the issue of assent would be inappropriate at this time. The Court was therefore incorrect in its prior ruling that the choice of law provision in Kard's form was, as a matter of law, part of the contract.

This analysis does not change the result of the earlier ruling: summary judgment for Kard on Walter Toebe's breach of contract claim is not appropriate. The parties agree that there was a contract between them. The trier of fact may find that the contract was formed by express assent under § 2-207(1) or alternatively by conduct which recognized the existence of a contract under § 2-207(3). In either case, there are genuine issues of material fact surrounding the gravamen of the claim, i.e. the time by which Kard was required to make delivery.

### III. Fraud

In its November 29 decision, the Court granted Kard's motion for summary judgment as to Walter Toebe's claim of fraud. Walter Toebe says this was error, since Kard agreed at a May 4 meeting to meet a certain delivery schedule, and to improve upon this schedule if possible, when it knew quite well that it could do neither. Walter Toebe says that if Kard's action do not amount to outright fraud, they at least constitute "silent fraud" (i.e. deliberate failure to disclose the truth) or "innocent misrepresentation."

Walter Toebe's motion for reconsideration on this point will be denied, as there is no record evidence tending to show that Kard ever agreed to be bound by the schedule proposed at the May 4 meeting. Kard's correspondence describes the May 4 schedule as a "guess" and expressly denies agreeing to be bound. Walter Toebe points to the deposition of its employee William Deacon and to Deacon's notes of the May 4 meeting, but these documents are also devoid of any indication that Kard agreed to be bound by the May 4 schedule. As such, there is no basis for disturbing the Court's previous order granting summary judgment for Kard on the claim of fraud.

### IV. Conclusion

Walter Toebe's motion for reconsideration is GRANTED with respect to the breach of contract claim and DENIED with respect to the fraud claim.

SO ORDERED.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: January 25, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 25, 2008, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160