UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER TOEBE CONSTRUCTION
COMPANY and ACE STEEL ERECTION,
INC.,

    Plaintiffs,

-vs-

KARD WELDING, INC.,
d/b/a KARD BRIDGE PRODUCTS,

    Defendant.

                                 /

Case No. 05-73605
Judge Avern Cohn

## MEMORANDUM AND ORDER DENYING
## KARD'S MOTION FOR RECONSIDERATION

This is a contract case. On November 29, 2007, the Court entered an order denying Defendant Kard Welding, Inc.'s ("Kard") motion for summary judgment with respect to Plaintiff Walter Toebe Construction Company's ("Walter Toebe") claim for breach of contract and granting the motion with respect to Walter Toebe's other claims. On January 25, 2008, the Court entered an order granting Walter Toebe's motion for reconsideration on the issue of whether the "Kard Group Standard Terms and Conditions" were, as a matter of law, part of the contract between Kard and Walter Toebe. Now before the Court is Kard's motion to reconsider the Court's order of January 25. Kard says first that the Court was incorrect to rule that a contract between Kard and Walter Toebe exists; Kard says that its contract is with another party to this

1

action, Ace Steel Erection, Inc. ("Ace"). Second, Kard argues that its standard terms and conditions are, as a matter of law, part of the contract between Kard and Ace. For the reasons stated below, Kard's motion will be denied.

## I. Legal Standard

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

## II. Privity of Contract

The facts are laid out in the Court's November 29 opinion.

Kard argues that its contract is with Ace, not Walter Toebe. In its counterclaim, however, Kard asserts a claim for breach of contract against Walter Toebe. The counterclaim also contains a number of factual assertions relating to the course of negotiations and performance between Kard and Walter Toebe. "Under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." Brown v. Tennessee Gas Pipeline Co., 623 F.2d 450, 454 (6th Cir. 1980). "Judicial admissions eliminate the need for evidence on the subject matter of the admission, as admitted facts are no longer at issue." Ferguson v. Neighborhood Housing Services of Cleveland, Inc., 780 F.2d 549, 550-51 (6th Cir. 1986) (citation and internal quotation marks omitted). Kard's argument on this point is therefore unavailing.

2

### III. Kard Group Standard Terms and Conditions

In its January 25 order, the Court ruled that, as the record stood, it was not appropriate to rule that the Kard Group Standard Conditions were part of the contract between Kard and Walter Toebe as a matter of law. Kard now argues, citing <u>Robert Bosch Corp. v. ASC, Inc.</u>, 195 Fed. Appx. 503 (6th Cir. 2006), that the Kard terms and conditions ought to apply unless Walter Toebe or Ace proposed conflicting terms and conditions, pursuant to the "knock out rule" of UCC § 2-207, MCL § 440.2207. As the Court explained in its ruling of January, however, in the executed purchase order, Kard expressly conditioned its acceptance of Walter Toebe's offer on assent to the Kard standard terms and conditions. The executed purchase order therefore operated as a counteroffer rather than an acceptance. <u>Robert Bosch</u> does not deal with the circumstance of an expressly conditional "acceptance" operating as a counteroffer, and is therefore inapposite. The "knock out rule" at issue in <u>Robert Bosch</u> has to do with an acceptance that states terms different from those included with the offer, but is not expressly conditional on assent to those terms; it does not apply in this case. <u>See</u> UCC § 2-207(1), MCL § 440.2207(1).

Kard may still attempt to prove to the trier of fact that Walter Toebe assented to its terms and that they therefore became part of the contract between the parties. However, the record does not disclose any express acceptance on Walter Toebe's part, and the course of negotiations between the parties is sufficiently complex that summary judgment on the issue of assent is not appropriate.

## IV. Conclusion

For the reasons stated above, Kard's motion for reconsideration is DENIED.

SO ORDERED.

                                                    s/Avern Cohn  
                                                    AVERN COHN  
                                                    UNITED STATES DISTRICT JUDGE

Dated: April 15, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 15, 2008, by electronic and/or ordinary mail.

                                                    s/Julie Owens  
                                                    Case Manager, (313) 234-5160