UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER TOEBE
CONSTRUCTION COMPANY and
ACE STEEL ERECTORS, INC,

 Plaintiffs,

-vs-

Case No. 05-73605
Hon: AVERN COHN

KARD WELDING, INCORPORATED,

 Defendants.

_____/

## DECISION ON DAMAGES

I.

This is a commercial dispute tried to the Court. Liability and damages were bifurcated. The Court in its Decision of January 09, 2009 (Doc. 53) found that defendant breached the contract between the parties for fabrication of steel girders for highway bridges to be reconstructed by plaintiff. On June 16, 2009, damages were tried to the Court.

In its Decision, the Court found that plaintiff's damages were "what it would have cost Toebe if it had acted in a timely fashion [to get the fabrication of steel beams necessary to complete reconstruction of 509] . . . as of July 01, 2005."

At the conclusion of the trial, the Court found that plaintiff's damages consisted of items 1-4 as displayed in PX341,[1] Revised Summary of Plaintiff's Damages, and were the

---

[1] See Exhibit A attached.

approximate amounts stated on the record. As will be discussed in Part II, the Court was not quite correct in its computation. Items 5-10 on Exhibit A were disallowed as damages as explained on the record, either because they were speculative and conjectural, or because plaintiff did not establish that the amounts stated were expenses incurred by plaintiff outside the ordinary operation of its day-to-day business.

Defendant attempts in its Motion for Reconsideration of Damages of Defendant/Counter-Claimant Kard Welding, Inc. (Dkt. 56) to persuade the Court to reconsider its finding that it was as of July 01, 2005, that plaintiff became aware that defendant was in breach of the fabrication agreement. Defendant argues that plaintiff knew earlier that defendant would not complete its obligations in a timely fashion thus requiring plaintiff to look elsewhere to complete the fabrication of the steel beams in time for plaintiff to meet its contractual obligation to the prime contractor and to meet the time schedule set by the Michigan Department of Transportation. Defendant is wrong. The Court sees no need to reconsider. See LR 7.1(g).

II.

The computation of damages stated by the Court at the conclusion of the trial on damages was garbled and not correct. The proofs established that the cost to plaintiff for the work to be done by defendant to fulfill the fabrication contract was $1,005,758.18. At the point in time when defendant breached the contract the work done by defendant expressed in dollars was the amount paid to defendant, $539,343.51, plus the amount owed defendant, $100,790.67, for a total of $640,134.18. The work necessary to complete the contract expressed in dollars was $365,624.00.

PDM's bid to plaintiff to complete the work was $580,000.00. Plaintiff paid

$214,376.00 in excess of what it would have had to pay defendant for the work.  Deducting the amount still owed defendant for work done meant that plaintiff paid $113,585.33 more than it would have had to pay defendant, had defendant performed its obligations under the contract.

Additionally, plaintiff incurred the following costs because of defendant's breach: loading, $5,000.00; shipping the steel beams to PDM, $40,000 and taxes, $6,815.12.  Overall, plaintiff's damages because of defendant's breach were $165,400.45.  Exhibit B displays the computation of plaintiff's damages.

Prejudgment interest to date is to be added to the $165,400.45.  Plaintiff shall submit the proper computation of prejudgment interest on notice to defendant.

The Deputy Clerk shall enter a judgment in plaintiff's favor as aforesaid to be amended to include prejudgment interest.

SO ORDERED.

   s/ Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 7, 2009, by electronic and/or ordinary mail.

   s/ Julie Owens  
Case Manager, (313) 234-5160